IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., JOHN BECKER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:05-CV-0627-L** (consolidated with Civil Action No. 3:05-CV-2301-L) |
| TOOLS & METALS, INC., TODD LOFTIS, LOCKHEED MARTIN CORPORATION, and BYRON YOUNG, et al., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Unseal the Court File, filed March 11, 2008; and (2) Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Strike Relator Spencer's Response and Opposition to Motion to Unseal or, in the Alternative, a Reply Thereto, filed April 24, 2008. After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Unseal the Court File and **denies** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Strike Relator Spencer's Response and Opposition to Motion to Unseal.

### I. Procedural History

This is a *qui tam* lawsuit brought pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). On November 13, 2007, the court unsealed the Relators' Joint Amended Complaint, filed

May 24, 2007,[1] and the government's Notice of Election to Intervene in Fewer than All of Relators' Claims and Against Fewer than All the Named Defendants, filed October 30, 2007. The court ordered that all other papers or orders previously filed remain under seal and lifted the seal for all prospective filings. The government filed its Complaint on November 30, 2007.

Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh (collectively, "Defendants") move the court to unseal the court files in this case and in civil action number 3:05-CV-2301-L, which was consolidated with this action. The government is not opposed to Defendants' request to unseal the relators' complaints, but does oppose Defendants' request to unseal its "confidential government investigative reports." Specifically, the government opposes the request to unseal its applications for extensions of its deadline to intervene in the case. Relator Robert Spencer ("Spencer") opposes Defendants' request to unseal two disclosures he filed with the court.

## II. Motion to Strike

Defendants move to strike Spencer's response to the motion to unseal, which was not filed within the deadline for a response brief as set forth in the local rules. In the alternative, Defendants ask the court to consider its reply to Spencer's response.

While Defendants are correct that Spencer's response was filed after the deadline proscribed by Local Rule 7.1(e), Defendants have had an opportunity to reply to Plaintiffs' response and have not been legally prejudiced by the untimely filing. To grant Defendants' motion to strike would exalt form over substance. The court cautions Spencer to adhere to the local rules and fully expects

---

[1] The court's order incorrectly states that the relators' joint amended complaint was filed on May 10, 2007. The relators sought leave to file an amended complaint on May 10, 2007; the joint amended complaint was filed on May 24, 2007.

**Memorandum Opinion and Order – Page 2**

him to do so. Because there is no prejudice to Defendants by considering the response, the court **denies** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Strike Relator Spencer's Response and Opposition to Motion to Unseal, and **deems** Spencer's response timely filed.

### III. Motion to Unseal

#### A. Parties' Contentions

Defendants ask the court to unseal the entire court file for consolidated civil actions 3:05-CV-0627-L and 3:05-CV-2301-L. Defendants assert that the unsealing of the entire files of these cases is justified because they have a compelling need to see the documents. They contend that access to the documents will help them evaluate the allegations against them and to assert all potential defenses; that they and the public have a right to access the documents; and that the government has failed to articulate any interest sufficient to keep the documents under seal.

The government responds that it only opposes the lifting of the seal on documents that contain confidential investigative material. Curiously, the government states that it "cannot be absolutely certain what filings appear in the two cases at issue," and asks the court for an opportunity to review each government filing and to propose redactions *in camera* if the files are unsealed. Gov't Resp. 3 n.1. The government's objection appears to be aimed at the documents it filed in seeking extensions of its deadline to intervene.

Spencer opposes the unsealing of two documents filed by him in civil action 3:05-CV-2301-L. He contends that a Disclosure Statement, filed September 26, 2005, and a Disclosure Errata, filed September 29, 2005, should remain under seal because they contain Spencer's work product and thus are protected by the work product privilege.

**Memorandum Opinion and Order – Page 3**

B.    Federal Claims Act

The FCA requires that a relator's complaint be filed under seal: "The complaint shall be filed in camera and remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). The government has 60 days to determine if it will intervene. *Id*. The government may move to extend its deadline to intervene, and the statute provides that "[a]ny such motions may be supported by affidavits or other submissions in camera." *Id*. § 3730(b)(3). The statute does not include any requirement that these motions stay under seal for a certain period of time or that they be unsealed at any time.

The legislative history of the FCA indicates that the requirement that the relator's complaint be sealed protects the government and allows it a chance to investigate the claims before it decides whether to intervene in the relator's case:

> Keeping the qui tam complaint under seal for the initial 60-day period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.

S. Rep. No. 99-345, 99th Cong., 2d. Sess. 24, reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The United States Court of Appeals for the Fifth Circuit has not ruled on the issue of whether a court should unseal documents containing confidential investigative material after a relator's complaint has been unsealed and the government has intervened in a *qui tam* action. District courts across the country have reached varying answers to this question.

Some courts, once the government has made its decision whether to intervene, have unsealed the entire record of the *qui tam* case. *United States ex rel. Fender v. Tenet Healthcare Corp.*, 105

F. Supp. 2d 1228, 1230 (N.D. Ala. 2000) (government declined to intervene); *United States ex rel. Pacific v. Doctors Care Health Servs., Inc.*, 2007 WL 1140934, *2 (S.D. Fla. Apr. 17, 2007) (government declined to intervene).

Other courts have ruled on the narrower issue before the court, whether sealed motions seeking to extend the government's deadline to intervene should be unsealed. One court, having done an *in camera* review and reviewed the relator's proposed redactions, rejected the redactions and unsealed the entire case. *United States ex rel. Yannacopolous v. General Dynamics*, 457 F. Supp. 2d 854, 680 (N.D. Ill. 2006). Some courts have ordered the government to participate in an *in camera* review of the sealed documents with the court. *United States ex rel. Howard v. Lockheed Martin*, 2007 WL 1513999, *3-4 (S.D. Ohio May 22, 2007); *United States ex rel. Goodstein v. McLaren Reg'l Med. Ctr.*, 2001 WL 34091259, *3 (E.D. Mich. Jan. 24, 2001) (ultimately unsealing certain motions but ordering redaction of other motions). Other courts have completed their own review of the documents and ordered redaction of only those documents they determined contain sensitive investigative information. *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Miss. 1995) (refusing to unseal government's motions for extensions of time and accompanying memoranda and affidavits); *United States ex rel. Tiesinga v. Dianon Sys., Inc.*, 2006 WL 2860606, *3 (D. Conn. Oct. 3, 2006).

The court determines that it has the authority to unseal the documents filed before the government intervened in this *qui tam* case, but a reading of other courts' decisions demonstrates that it has wide discretion in how to determine what documents, if any, should remain under seal, and how to make that determination.

C.   Analysis

The court has reviewed the docket sheets for both cases and determines that, at this time, these cases should be unsealed except for the government's applications for an extension of time to extend the government's deadline to intervene. Although the government objects generally to the unsealing of these documents, its objections are not specific to the information included in each application. Accordingly, the court **orders** the government to review these applications and file specific objections. The court further **orders** the government to file proposed redactions of these documents to the court for \an *in camera* review. Once the court has reviewed the specific portions of these documents that the government contends contain confidential investigative material and the government's objections, it will decide whether to unseal these documents, keep the documents under seal, or order the filing of redacted versions of the documents.

The court has also considered Spencer's arguments regarding the disclosures he filed. While he cites the work product privilege, he does not cite any case law to support his contention that this privilege should apply to documents that have been filed with the court. He does not contend, as the government does, that these documents contain confidential investigative material that will harm his prosecution of his case or other cases.

Accordingly, the court hereby **unseals** case 3:05-CV-2301-L **except for docket entries 13, 14, and 15**. The court hereby **unseals** case 3:05-CV-0627-L **except for docket entries 4, 5, 7, 8, 9, 12, 13, 15, 16, 17, 34, 35, 36, 44, 45, 51, and 52.** The government is hereby **ordered** to file its objections to these documents and provide the court with proposed redactions these documents for *in camera* review no later than **September 2, 2008**.

C.   Analysis

The court has reviewed the docket sheets for both cases and determines that, at this time, these cases should be unsealed except for the government's applications for an extension of time to extend the government's deadline to intervene. Although the government objects generally to the unsealing of these documents, its objections are not specific to the information included in each application. Accordingly, the court **orders** the government to review these applications and file specific objections. The court further **orders** the government to file proposed redactions of these documents to the court for \an *in camera* review. Once the court has reviewed the specific portions of these documents that the government contends contain confidential investigative material and the government's objections, it will decide whether to unseal these documents, keep the documents under seal, or order the filing of redacted versions of the documents.

The court has also considered Spencer's arguments regarding the disclosures he filed. While he cites the work product privilege, he does not cite any case law to support his contention that this privilege should apply to documents that have been filed with the court. He does not contend, as the government does, that these documents contain confidential investigative material that will harm his prosecution of his case or other cases.

Accordingly, the court hereby **unseals** case 3:05-CV-2301-L **except for docket entries 13, 14, and 15**. The court hereby **unseals** case 3:05-CV-0627-L **except for docket entries 4, 5, 7, 8, 9, 12, 13, 15, 16, 17, 34, 35, 36, 44, 45, 51, and 52.** The government is hereby **ordered** to file its objections to these documents and provide the court with proposed redactions these documents for *in camera* review no later than **September 2, 2008**.

## III. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Unseal the Court File and **denies** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Strike Relator Spencer's Response and Opposition to Motion to Unseal. The court hereby **partially unseals** civil actions 3:05-CV-0627-L and 3:05-CV-2301-L as set forth in this memorandum opinion and order.

**It is so ordered** this 19th day of August, 2008.

Sam A. Lindsay
United States District Judge