IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel.,** | § | |
| **JOHN BECKER**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-0627-L** |
| | § | (consolidated with Civil Action No. |
| **TOOLS & METALS, INC.,** | § | 3:05-CV-2301-L) |
| **TODD LOFTIS,** | § | |
| **LOCKHEED MARTIN CORPORATION,** | § | |
| **and BYRON YOUNG, et al.,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are: (1) Motion of Defendants Lockheed Martin Corporation, Byron Young,

and Harriet Stroh to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 119),

filed April 30, 2008; (2) Defendant Lockheed Martin Corporation's Motion to Dismiss Relators

from the Government's Action (doc. 121), filed April 30, 2008; (3) Defendant Linda Loehr's Motion

to Dismiss Relators' Second Amended Joint Complaint (doc. 134), filed May 30, 2008; (4) Motion

of Defendant William C. Johnson to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended

Complaint (doc. 135), filed May 30, 2008; (5) Motion of Defendants Lockheed Martin Corporation,

Byron Young, and Harriet Stroh to Dismiss All Claims of Relator John Becker or Relator Robert

Spencer Pursuant to the False Claim Act's First-to-File Rule (doc. 172), filed September 2, 2008;

(6) Motion and Brief in Support of Defendant Linda Loehr's Motion to Dismiss Relators' Second

Amended Joint Complaint Pursuant to the False Claims Act's Public Disclosure Rule (doc. 181),

filed September 23, 2008; (7) Defendant William C. Johnson's Additional Motion to Dismiss *Qui*

*Tam* Plaintiffs' Second Joint Amended Complaint with Prejudice (doc. 196), filed October 16, 2008; and (8) *Qui Tam* Plaintiff Robert B. Spencer's Motion to Strike and Alternatively, Response in Opposition to Defendant Linda Loehr's (Second, Mischaracterized) Motion to Dismiss Pursuant to the Public Disclosure Rule (doc. 206), filed November 14, 2006.

After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 119); **denies** Defendant Lockheed Martin Corporation's Motion to Dismiss Relators from the Government's Action (doc. 121); **grants** Defendant Linda Loehr's Motion to Dismiss Relators' Second Amended Joint Complaint (doc. 134); **grants** Motion of Defendant William C. Johnson to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 135); **grants** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Dismiss All Claims of Relator John Becker or Relator Robert Spencer Pursuant to the False Claim Act's First-to-File Rule (doc. 172) to the extent these Defendants seek to dismiss Becker's claims against them; **denies as moot** Motion and Brief in Support of Defendant Linda Loehr's Motion to Dismiss Relators' Second Amended Joint Complaint Pursuant to the False Claims Act's Public Disclosure Rule (doc. 181); **denies as moot** Defendant William C. Johnson's Additional Motion to Dismiss *Qui Tam* Plaintiffs' Second Joint Amended Complaint with Prejudice (doc. 196); and **denies as moot** *Qui Tam* Plaintiff Robert B. Spencer's Motion to Strike and Alternatively, Response in Opposition to Defendant Linda Loehr's (Second, Mischaracterized) Motion to Dismiss Pursuant to the Public Disclosure Rule (doc. 206).

## I.      Factual and Procedural Background

This *qui tam* action was originally filed by relator John Becker ("Becker") on March 30, 2005. Becker alleged violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a)(1) and (2), by Defendant Tools and Metals, Inc. a/k/a TMI Integrated Services ("TMI") based upon TMI's conduct as a government subcontractor with respect to its tool sales to Lockheed-Martin Company ("Lockheed") in Fort Worth, Texas, and Marietta, Georgia. On September 26, 2005, relator Robert B. Spencer ("Spencer") filed a separate *qui tam* complaint against Lockheed, Byron Young ("Young"), TMI, and Todd Loftis ("Loftis"). Civil Action No. 3:05-CV-2301-L. Spencer also alleged violation of the FCA. On December 9, 2005, the court consolidated the actions brought by Becker and Spencer.

The government sought, and was granted, several extensions of its deadline to intervene in the *qui tam* actions. During this time, Becker and Spencer (collectively, "Relators") filed their *Qui Tam* Plaintiffs' Joint Amended Complaint on May 24, 2007, adding additional claims and Defendants. On October 30, 2007, the government elected to intervene. The government filed its Complaint of the United States of America ("Government Complaint"), alleging claims against TMI, Loftis, Lockheed, and Linda Loehr ("Linda Loehr"). The government asserted claims of violations of the FCA, breach of contract, unauthorized payment to Lockheed, violations of the Truth-in-Negotiations Act, 10 U.S.C. § 2306(f), unjust enrichment, and negligence. The government declined to intervene on Spencer's bid collusion allegations, Becker's conspiracy allegations under section 3729(a)(3), and Becker's claims predating the Master Agreement. The government also declined to intervene on any claims against William C. Johnson ("Johnson"), TMI Integrated Holdings

Corporation ("TMI Integrated"), Greentree Capital LP ("Greentree"), Robert Chartener ("Chartener"), Harriet Stroh ("Stroh"), or Young.

On March 28, 2008, Relators filed their live pleading, *Qui Tam* Plaintiffs' Second Joint Amended Complaint ("Relators' Complaint"). In this complaint, Becker and Spencer allege claims against TMI, TMI Integrated, Loftis, Johnson, Linda Loehr, Lockheed, Young, Stroh, Greentree, and Chartener. All of their claims are for various violations of the FCA.

Defendants filed several motions to dismiss the Relators' Complaint. On August 19, 2008, the court ordered the unsealing of much of this action and the original Spencer action.[1] Subsequently, additional motions to dismiss were filed, and the court now turns to the pending motions to dismiss.[2]

## II.   Legal Standards

### A.   Rule 12(b)(1) – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they

---

[1]Also pending, but not addressed in this memorandum opinion and order, is the government's motion for redactions on certain documents still under seal. The court will address the government's motion and the remaining redaction issues by separate order.

[2]Although certain Defendants raise challenges regarding subject matter jurisdiction, such as the motions to dismiss based upon the FCA's first-to-file rule, for ease of consideration and understanding, the court addresses the motions in the order in which they were filed. This approach does not alter the outcome had the court first considered the challenges to subject matter jurisdiction.

lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**B.      Rule 12(b)(6) – Failure to State a Claim**

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While

a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only

**Memorandum Opinion and Order – Page 6**

determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.   Analysis

### A.   Lockheed, Young, and Stroh's Motion to Dismiss the Relators' Complaint

Defendants Lockheed, Young, and Stroh have moved collectively to dismiss the Relators' Complaint pursuant to the FCA public disclosure bar, 31 U.S.C. § 3730(e)(4), and Rule 12(b)(1) of the Federal Rules of Civil Procedure.  In the alternative, they move to dismiss these claims pursuant to Rules 9(b) and 12(b)(6) for failure to plead fraud with particularity and failure to state a claim upon which relief can be granted.

### 1.   Public Disclosure Bar

The FCA provides, in part:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of information.

31 U.S.C. § 3730(e)(4)(A).  The statute defines an "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B).  Lockheed, Young, and Stroh argue that Relators' claims are barred because they are based upon an earlier lawsuit and that neither Relator is an original source.

Defendants contend that eight years before Relators brought their lawsuits, Andrew Loehr alleged in a lawsuit that TMI and Loftis had fraudulently inflated costs in a scheme to defraud the government.  Andrew Loehr is the son of Gerald Loehr, the founder of TMI, and was president and chief executive officer of TMI.  Andrew Loehr allegedly reported the scheme to his father, who then fired him and replaced him with Loftis.  Andrew Loehr brought an employment action against TMI and others in California.  In this lawsuit, Andrew Loehr alleged that Loftis and other TMI employees were engaged in a scheme to defraud the government by presenting false documentation to Lockheed.  One of the allegations was that TMI relied upon a cost-plus-percentage-of-cost ("CPPC") provision in its fraud.

Relator Becker, who was a sales manager for TMI, alleges that he sent an e-mail to Stroh and others in May 2000, warning them that Lockheed was a victim of TMI's scheme.  Relator Spencer, who was co-owner and president of Spenro Industrial Supply, a competitor of TMI, alleges that he learned in December 1996 that Lockheed would enter into a prohibited CPPC contract with TMI. Defendants argue that neither Becker nor Spencer explains how they learned of the overcharging. Defendants also contend that Relators' *qui tam* claims raise the same issues as those raised by Andrew Loehr in the California lawsuit.

Relators[3] respond that Andrew Loehr's state court lawsuit is not a public disclosure under the FCA.  They contend that the government was not aware of any claims against Lockheed, Young, and Stroh until the Relators came forward, that the transactions that are the basis for the claims against these Defendants did not occur until after Andrew Loehr was fired, and that they are original sources of the information on which their claims are based.

---

[3]Relators Becker and Spencer filed separate responses, but the arguments they make are largely identical.

**Memorandum Opinion and Order – Page 8**

To determine if a claim is prohibited by the public disclosure bar, the court must determine: "1) whether there has been a public disclosure of allegations or transactions, 2) whether the qui tam action is based upon such publicly disclosed allegations, and 3) if so, whether the relator is the original source of the information." *Federal Recovery Servs., Inc. v. United States*, 72 F.3d 447, 450 (5th Cir. 1995) (internal quotations and citation omitted). "An FCA qui tam action even partly based upon public allegations or transactions is nonetheless 'based upon' such allegations or transactions." *United States ex rel. Reagan v. East Texas Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 176 (5th Cir. 2004) (citation and brackets omitted). The public disclosure bar is meant to "prevent[] parasitic suits by opportunistic late-comers who add nothing to the exposure of fraud." *Id.* at 174 (citation and quotations omitted).

The court has reviewed the Andrew Loehr complaint, the parties' arguments, and cited cases, and it determines that the Relators' claims against Lockheed, Young, and Stroh are not barred by the public disclosure bar because these claims were never publicly disclosed. Although the Andrew Loehr litigation made public some of the claims Relators brought against TMI and Loftis, Andrew Loehr never made any claim against Lockheed, Young, or Stroh, and some of Relators' allegations against these Defendants are based on events that did not occur until after the Andrew Loehr litigation began. Although there is some overlap with Andrew Loehr's claims against TMI and Loftis, he never made any allegation of wrongdoing by Lockheed, Young, or Stroh. Accordingly, these claims were never publicly disclosed, and the public disclosure bar does not apply.

**Memorandum Opinion and Order – Page 9**

## 2.     Relators' Third Claim – Certain FCA Claims Against Lockheed

Defendants also move to dismiss the Relators' third claim, which alleges violation of the FCA, 31 U.S.C. §§ 3729(a)(1) and (2)(3), against Lockheed.  Defendants contend that this claim is impermissibly duplicative of the government's claim and that it fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure.  In this claim, Relators allege that between January 1998 and February 2006, Lockheed passed on unlawfully inflated prices to the government by submitting certified Forward Pricing Rate Agreement proposals, certified claims for payment, and Final Indirect Cost Certifications for overhead and indirect costs.  Relators' Compl. ¶ 32.

Defendants first contend that the government's intervention on this claim precludes Relators from pursuing this claim.  They contend that the statute provides that the government may proceed with an action and then conduct it, or decline to take over the action and allow the person bringing the action to conduct it.  31 U.S.C. § 3730(b)(4) ("[T]he Government shall – (A) proceed with the action, in which the action shall be conducted by the Government; or (B) notify the court that it declines to take over an action, in which case the person bringing the action shall have the right to conduct the action.").  Defendants argue that Relators' third claim is substantively identical to the government's first and second claims.

Relators respond that the government has primary responsibility to prosecute the action, but that they remain as parties and may participate in this claim.  They argue that exceptions to participation, such as harassment or adding an undue burden expense, do not apply.  They contend that there is no case law supporting Defendants' position that their claim should be dismissed.

The court has reviewed the parties' arguments, cited case law, and the statute, and it determines that Relators' third claim should be dismissed, but that Relators may participate in the

government's claim.  It is without cavil, and Relators do not appear to dispute, that upon intervention, the government takes "primary responsibility for prosecuting" this claim.  31 U.S.C. § 3730(c).  Relators also do not dispute that under certain circumstances, the court can restrict their participation in the prosecution of the claim.  31 U.S.C. § 3730(c)(2)(C)-(D).  Further, Relators admit that it is the government's complaint on this claim that is the operative pleading, and therefore Defendants' request to dismiss this claim is moot.  Becker Resp. (doc. 142) 23.

The court determines that, as Relators acknowledge, the government's claims are the operative claims now before it, as "once the government has intervened, the relator has no separate free-standing FCA cause of action."  *In re Pharma. Indus. Average Wholesale Price Litig.*, 2007 WL 4287572, *4 (D. Mass. Dec. 6, 2007) (citing *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998)).  Accordingly, Relators' third claim should be dismissed.  This holding, however, does not preclude Relators from participating in the litigation of the claim.  Relators remain parties to the claim and are entitled to participate in the claim pursuant to the statute.  *See United States ex rel. Wilkins v. North American Const. Corp.*, 173 F. Supp. 2d 601, 644-45 (S.D. Tex. 2001).  Accordingly, the court **dismisses with prejudice** Relators' third claim as duplicative of the government's first and second claims, and therefore it does not address the parties' remaining arguments regarding the sufficiency of the claim.

### 3.    Spencer's Claim for FCA Violation Against Young and Lockheed

The fourth claim in Relators' Complaint is a claim brought by Spencer against TMI, Loftis, Young, and Lockheed for violation of the FCA.  Spencer alleges that these Defendants engaged in bid collusion to defraud the government.  Relators Compl. ¶¶ 35-47.  Defendants Young and

Lockheed move to dismiss this claim against them pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants argue that this claim fails to state a claim upon which relief can be granted because Spencer has failed allege any connection between a fraudulent scheme and false claims or statements to the government.  They contend that he has failed to identify any statute or regulation that was violated by the bidding process, and that any alleged false statements were made to prospective bidders, not to the government.  They also argue that this claim is not pleaded with the specificity required by Rule 9(b).

Spencer responds that the government was deprived of fair pricing because TMI submitted inflated prices to Lockheed, which were then submitted to the government.  He also contends that federal procurement laws, including 10 U.S.C. § 2304, require sealed, competitive bidding or best cost certifications.  Spencer argues that his complaint complies with Rule 9(b), and if it does not, he requests leave to amend his complaint.

"FCA liability has in certain cases been imposed when the contract under which payment is made was procured by fraud."  *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384 (5th Cir. 2003).  The legislative history of the FCA supports claims based upon a fraud-in-the-inducement theory:

> When Congress amended the FCA in 1986, its legislative history recognized fraud-in-the-inducement liability under the Act. Specifically, Congress noted that, under FCA case law, "each and every claim submitted under a contract, loan guarantee, or other agreement that was originally obtained by means of false statements or other corrupt or fraudulent conduct, or in violation of any statute or applicable regulation, constitutes a false claim."

*United States ex rel. Bettis v. Odebrecht Contractors of Cal., Inc.*, 393 F.3d 1321, 1326 (D.C. Cir. 2005) (citation omitted).  Spencer relies upon *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943), *superseded in part by statute as stated in United States ex rel. McKenzie v. Bellsouth Telecoms.*, 123 F.3d 935 (6th Cir. 1997) *cert. denied*, 522 U.S. 1077 (1998), a case in which the Supreme Court held that a collusive bidding scheme defrauded the government.

The court has reviewed the cases cited by the parties and the parties' arguments, and it determines that this claim states a claim upon which relief can be granted.  The court determines that in light of the legislative history of the FCA and the fraud-in-the-inducement cases going back to *Hess*, Spencer has sufficiently alleged a claim pursuant to the FCA based upon the alleged collusion between TMI, Loftis, Young, and Lockheed.

Defendants also argue that Spencer's claim is not pleaded specifically pursuant to Rule 9(b). Rule 9(b) applies to actions under the FCA.  *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).  "At a minimum, this requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *Id.* (internal brackets, quotations, and citation omitted).  Defendants contend that Spencer has failed to plead how the bidding violated any regulations, what false statements or claims were made to the government, and how the fraud affected the government's decision to pay a claim.  Spencer responds that his claim incorporates paragraphs 1-33 and explains how the government was deprived of fair pricing.

After considering the parties' arguments and the claim as pleaded by Spencer, the court determines that the fourth claim meets the specificity requirements of Rule 9(b).  Spencer sets forth in detail the alleged actions of the scheme to defraud the government, including the bid requirements set forth by Lockheed, the allegation that Defendants used information from a competitor to set their

**Memorandum Opinion and Order – Page 13**

bid, and specific actions that support Spencer's allegation of a bid collusion scheme.  Accordingly, the court determines that Spencer's fourth claim is pled with the specificity required by Rule 9(b).

### 4.     Conspiracy Claim

Defendants move to dismiss Relators' first claim, which alleges a conspiracy based on the underlying allegations of their third and fourth claims.  They move to dismiss this derivative conspiracy claim based on their arguments that the third and fourth claims should be dismissed.  Relators respond that the first claim alone pleads a conspiracy in violation of the FCA.  The court has already determined that Relators may proceed on their third claim, as participants in the government's first and second claims, and Spencer's fourth claim states a claim upon which relief can be granted.  Accordingly, the court will not dismiss Relators' conspiracy claim.

### 5.     Statute of Limitations

Finally, Defendants argue that any conduct alleged by Relators more than six years prior to the filing of their complaints must be dismissed.  At the time Defendants filed their motion, the Relators' cases had not been unsealed.  Relators respond that they agree with Defendants with respect to the statute of limitations and that any claim based on the submission of false claims before March 30, 1999, has expired.  Accordingly, any claims based upon conduct before March 30, 1999, are barred by the statute of limitations.  31 U.S.C. § 3731(b).

For the reasons set forth herein, the court **grants in part** and **denies in part** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 119).

**B.      Lockheed's Motion to Dismiss Relators from the Government's Action**

Lockheed also moves to dismiss Relators Becker and Spencer from the Government's Complaint for lack of subject matter jurisdiction and lack of standing.  It argues that Relators should be barred by the FCA's public disclosure rule and, in the alternative, that they lack standing with respect to the government's claims that are not brought pursuant to the FCA.  It therefore argues that Relators should not be allowed to participate in or litigate the government's fourth, fifth, sixth, seventh, eighth, and ninth claims.  Relators oppose Lockheed's motion with respect to the public disclosure bar and argue that Lockheed's motion to dismiss them from the non-FCA claims is not ripe for adjudication because they have not asserted any claims.

The court has already concluded that Relators' claims are not barred by the public disclosure rule and that they are entitled to participate in the government's first and second claims.  As Relators acknowledge, they are not asserting any non-FCA claims, and they are prohibited from doing so as a matter of law.  31 U.S.C. § 3730(b)(1); *In re Pharma. Indus. AWP Litig*., 2007 WL 4287572, *5. For these reasons, the court **denies** Defendant Lockheed Martin Corporation's Motion to Dismiss Relators from the Government Action (doc. 121).

**C.      Linda Loehr's Motion to Dismiss Relators' Complaint**

Relators assert a single claim against Linda Loehr for violation of 31 U.S.C. § 3729(a)(3), their first claim.  Linda Loehr argues that the Relators' Complaint is a "legal nullity" because the government chose not to intervene in Relators' claim against her.  She contends that allowing Relators to bring a claim against her would prevent the government from controlling its action.  In the alternative, Linda Loehr argues that Relators' claim against her fails to comply with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  Finally, Linda Loehr argues that the Relators'

action is barred by the public disclosure rule of the FCA, and she incorporates the motion brought by Lockheed, Young, and Stroh.

Relators argue that their claims are not barred by the public disclosure rule.  They contend that they are entitled to continue participating in this litigation as parties, absent a showing that they are causing harassment or an undue burden or expense; accordingly, Becker and Spencer contend that they are entitled to bring their FCA conspiracy claim, which includes Linda Loehr.  They also argue that they have pleaded their conspiracy claim against Linda Loehr with the specificity required by Rule 9(b).

### 1.      Legal Effect of Relators' Complaint

Linda Loehr argues that the Relators' Complaint is a nullity because the government's intervention supersedes their claims.  She contends that upon intervention, the government alone conducts and controls the litigation, and Relators should not be entitled to pursue claims against her after the government declined to intervene on Relators' claims against her and instead asserted its own common law claims against her.

Relators respond that while the government has "primary responsibility" for the claims upon which it intervenes, they are still entitled to unrestricted participation absent a showing that they are causing harassment or undue burden or expense.  They argue that the legislative history of amendments to the FCA makes clear that they may continue to act as parties and may pursue those claims in which the government did not elect to intervene.

The court has reviewed the parties' arguments and cited case law, and it determines that Relators may proceed on their FCA conspiracy claim against Linda Loehr.  Although Linda Loehr

contends that Relators' entire complaint is barred by the government's intervention, the court only considers her arguments with respect to the claim asserted against her.

The government specifically declined to intervene in "relator Becker's conspiracy allegations under section 3729(a)(3)." Gov't Notice (doc. 59) 1. The court reads the government's notice as declining to intervene in what is now Relators' first claim, violation of 31 U.S.C. § 3729(a)(3) against all Defendants. This claim falls squarely within the provision of the FCA that provides that the government shall "notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action." 31 U.S.C. § 3730(b)(4)(B). Accordingly, this court joins other courts that have held that relators are entitled to proceed on their claims when the government only partially intervenes. *Federal Recovery Servs.*, 72 F.3d at 449, n.1; *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1346-47 (E.D. Mo. 1996); *Juliano v. Federal Asset Disposition Ass'n*, 736 F. Supp. 348 (D.D.C. 1990), *aff'd*, 959 F.2d 1101 (D.C. Cir. 1992).

The court therefore determines that Relators' first claim, which is asserted against Linda Loehr, is not legally void and that Relators are entitled to bring this claim against her. Accordingly, the court considers Linda Loehr's additional arguments for dismissal.

## 2.     Rules 9(b) and 12(b)(6)

Linda Loehr argues that Relators' FCA conspiracy claim fails because it is not pleaded with the specificity required by Rule 9(b), and because they have failed to plead that she had a specific intent to defraud the government. She contends that Relators must allege "(1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by [the government] and (2) at least one act performed in furtherance of that agreement." *United States ex*

*rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir.) (citation omitted), *cert. denied*, 129 S. Ct. 570 (2008). Further, she argues that a conspiracy claim under section 3729(a)(3) requires a showing that "defendants shared a specific intent to defraud the government" and that "negligence alone cannot satisfy [section] 3729(a)(3)." *Id.* (internal quotations, brackets, and citation omitted). She also argues that inaction alone is insufficient to support a claim for violation of the FCA. *United States ex rel. Grynberg v. Ernst & Young LLP*, 323 F. Supp. 2d 1152, 1155 (D. Wyo. 2004).

Relators respond that their conspiracy claim is pleaded with particularity, though it is unclear if Rule 9(b) applies to FCA conspiracy claims. They contend that their pleaded allegations contain information sufficient to allow Linda Loehr to prepare her response. Further, they contend that they have sufficiently alleged the elements of an FCA conspiracy claim. They argue that they have described in detail the agreement among Defendants and overt acts of certain Defendants. With respect to Linda Loehr, Relators allege that Becker notified her of the scheme no later than May 2000, and that she discussed the allegations of the scheme with Loftis and Johnson. Relators also contend that their claim, read in conjunction with the Government's Complaint, also includes allegations that Linda Loehr agreed with Loftis and Johnson, that she would not question the responsible TMI employees about allegations, and that she voted to promote Loftis after she learned of the false claims and agreed to join the conspiracy. Accordingly, they contend that they have pleaded enough to support an inference that Linda Loehr shared a specific intent to defraud the government with her coconspirators.

Without reaching the issue of whether an FCA conspiracy claim must meet the particularity requirements of Rule 9(b), the court determines that Relators have failed to state a claim against Linda Loehr for violation of section 3729(a)(3) because they have not alleged that she was part of

any unlawful agreement to defraud the government.  The court has reviewed the arguments, case law, and Relators' Complaint.  Relators make the following allegations against Linda Loehr:  (1) Linda Loehr was substituted as a defendant in Andrew Loehr's lawsuit after her husband died; (2) Andrew Loehr alleged that Loftis and other TMI employees were engaged in a scheme to defraud the government;  (3) Linda Loehr failed to stop Loftis after attending the Andrew Loehr deposition, receiving e-mails from Becker in May 2000, and being advised by an outside director that Loftis's behavior was "close to the line of criminality"; (4) she was paid sums from TMI that were the spoils of Loftis's fraud; and (5) she had influence over TMI's affairs and approved a March 2004 merger agreement that stated that TMI was in compliance with federal procurement standards.   Relators' Compl. ¶¶ 17, 23.  The court finds that these allegations at most allege that Linda Loehr failed to take action to stop Loftis; there is simply nothing in the Relators' Complaint that states a basis for a claim against her for being part of an unlawful agreement to defraud the government.

Because the court determines that Relators have failed to state a claim against Linda Loehr pursuant to Rule 12(b)(6), it **grants** Defendant Linda Loehr's Motion to Dismiss Relators' Second Amended Joint Complaint (doc. 134).  Each Relator amended his complaint at least once, and Relators together have amended their joint pleading; the court therefore determines that Relators have had more than ample opportunity to plead their best claim against Linda Loehr and that further amendment will unnecessarily delay disposition of this action, which has been pending for almost four years.  Accordingly, it **denies** Relators leave to replead this claim.  The court **dismisses with prejudice** Relators' first claim as to Defendant Linda Loehr, which is the only claim they assert against her.  Accordingly, the court **denies as moot** Motion and Brief in Support of Defendant Linda Loehr's Motion to Dismiss Relators' Second Amended Joint Complaint Pursuant to the False Claims

**Memorandum Opinion and Order – Page 19**

Act's Public Disclosure Rule (doc. 181), and *Qui Tam* Plaintiff Robert B. Spencer's Motion to Strike and Alternatively, Response in Opposition to Defendant Linda Loehr's (Second, Mischaracterized) Motion to Dismiss Pursuant to the Public Disclosure Rule (doc. 206).

**D.      Johnson's Motion to Dismiss the Relators' Complaint**

Relators have asserted only a single claim against Defendant Johnson, their claim for conspiracy pursuant to 31 U.S.C. § 3729(a)(3).  Johnson moves to dismiss this claim for failure to plead with particularity pursuant to Rule 9(b) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Johnson also apparently adopts and incorporates the arguments made by Lockheed regarding Relators' claims being barred by the public disclosure rule.

Relators oppose Johnson's motion and argue that it should be treated as a motion for summary judgment because he has included a 120-page appendix.  They argue that they are entitled to an opportunity to present material in response to Johnson's motion.  They contend that they have pleaded their conspiracy claim against Johnson with the particularity required by Rule 9(b), and they incorporate their response to Linda Loehr's motion to dismiss on the same ground.  Further, Relators contend that they have pleaded facts sufficient to state a claim for FCA conspiracy against Johnson. Finally, Relators seek leave to amend if the court determines that they have failed to state a claim against Johnson.

The court first addresses Relators' argument that this motion should be converted to a summary judgment motion.  The documents attached by Johnson are documents that were referred to in the Relators' Complaint, and the court may therefore consider them.  *Collins*, 224 F.3d at 498-99.  Even without reference to any of these documents, the court's decision would be the same.

Accordingly, the court denies Relators' request to convert this motion to a summary judgment motion.

The court set forth the elements of an FCA conspiracy claim above, in considering Linda Loehr's motion on the same ground, and will not repeat them here.  The court has considered the parties' arguments, cited cases, and the allegations in the Relators' Complaint.  Relators allege that Johnson was a TMI director beginning in 1997, and that he was chairman of the board from 1998 until March 30, 2004.  Relators' Compl. ¶ 7.  They also allege that he is cotrustee of the Gerald G. Loehr Separate Property Trust.  *Id.*  Against Johnson, Relators allege:  (1) he was substituted as a defendant in Andrew Loehr's lawsuit after Gerald Loehr died; (2) Andrew Loehr alleged that Loftis and other TMI employees were engaged in a scheme to defraud the government;  (3) he failed to stop Loftis after being informed by Andrew Loehr of Loftis's misconduct, attending the Andrew Loehr deposition, and receiving information from Becker in May 2000; (4) he voted to keep basing Loftis's compenation on gross revenue rather than company growth; (5) he benefited from dividend payments and the increase in the value of TMI shares caused by Loftis's fraudulent conduct; and (5) he signed the March 2004 agreement that stated that TMI was in compliance with federal procurement standards.  Relators' Compl. ¶¶ 17, 22.  The court finds that these allegations at most allege that Johnson failed to take action to stop Loftis; there is simply nothing in the Relators' Complaint that states a basis for a claim against him for being part of an unlawful agreement to defraud the government.

Because the court determines that Relators have failed to state a claim against Johnson pursuant to Rule 12(b)(6), it **grants** Motion of Defendant William C. Johnson to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 135).  Each Relator amended his complaint

**Memorandum Opinion and Order – Page 21**

at least once, and Relators together have amended their joint pleading; the court therefore determines that Relators have had more than ample opportunity to plead their best claim against Johnson, and that further amendment will unnecessarily delay disposition of this action, which has been pending for almost four years.   Accordingly, it **denies** Relators leave to replead this claim.   The court **dismisses with prejudice** Relators' first claim as to Defendant Johnson, which is the only claim they assert against him.   Accordingly, the court **denies as moot** Defendant William C. Johnson's Additional Motion to Dismiss *Qui Tam* Plaintiffs' Second Joint Amended Complaint with Prejudice (doc. 196)**.**

> **E.** **Lockheed, Young, and Stroh's Motion to Dismiss Pursuant to the First-to-File Rule**

Finally, Defendants Lockheed, Young, and Stroh (the "Lockheed Defendants") move to dismiss the claims of Relator Becker or Relator Spencer pursuant to the FCA's first-to-file rule, 31 U.S.C. § 3730(b)(5).   They argue that although Becker filed the first *qui tam* action, he did not assert any claims against the Lockheed Defendants until months after Spencer filed his *qui tam* action alleging claims against them.   In the alternative, Defendants argue that if Becker's initial complaint was sufficient to provide the government with notice of their fraud, then his claims against them must be dismissed.

In response, Becker argues that the court should not decide this motion until after it decides the motions relating to the public disclosure bar, that it must consider the complaints on a claim-by-claim basis, and that he was the first to file all claims with respect to TMI's fraudulent pricing scheme.   He also contends that Spencer's later-filed claims do not give rise to a separate and distinct recovery by the government.   Spencer argues that the court should rule first on the public disclosure motions and then on these first-to-file motions.   He further argues that the court should consider

Defendants' arguments on a claim-by-claim basis.  He contends that although Becker was first to file claims based upon the fraudulent pricing scheme, he first filed the conspiracy and bid-rigging scheme, and they jointly filed the CPPC and cost claims together.

The court determines that Relators' arguments on this ground are moot because it has determined that their claims against the Lockheed Defendants are not barred by the public disclosure rule.  Thus, to the extent that they argue that an earlier-filed complaint may be barred on that ground, this argument is without merit, and the court now considers the remaining arguments.

### 1.    Legal Standard

The FCA provides:  "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  31 U.S.C. § 3730(b)(5).  This circuit has recently considered this statutory section and held that "as long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, § 3730(b)(5)'s jurisdictional bar applies."  *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, ___ F.3d ___, 2009 WL 388947, *5 (5th Cir. Feb. 18, 2009).  The court noted that the amendment of the FCA to introduce this rule "attempted to achieve the golden mean between adequate incentives for whistle-blowing insiders with genuinely valuable information and discouragement of opportunistic plaintiffs who have no significant information to contribute of their own."  *Id.* (internal quotations and citation omitted).

In *Allstate*, the court considered a situation similar to that before this court.  Two relators had brought similar *qui tam* actions; the second relator filed while the first relator's action was under seal.  *Id.* at *3.  The second relator pleaded with more specificity on some claims and also added several insurers that the first relator did not sue.  *Id.*  The court affirmed the dismissal of the claims

that were pleaded with greater specificity; "simply adding factual details or geographic locations to the essential or material elements of a fraud claim against the same defendant described in a prior complaint" is insufficient to avoid the first-to-file rule.  *Id*. at *6.  For the claims against the defendants named only by the second relator, however, the court held that the district court erred in dismissing defendants named by the second relator.  *Id*. at *8.  The court noted that "nothing in the [first] complaint provided the government with facts from which it could discern a widespread fraud involving all [defendants].  Thus, the claims in the present case against previously unnamed alleged fraud-feasors are not barred by the first-to-file rule."  *Id*.  Under this standard, the court now considers the facts as alleged by each of the Relators.

2.     **Relators' Complaints**

Becker filed his original complaint on March 30, 2005.  He named only TMI as a Defendant and brought a single claim pursuant to the FCA.  In this complaint, Becker alleged that TMI "routinely falsified and misrepresented its actual costs" to Lockheed and "routinely deceived" Lockheed.  Compl. (doc. 1) ¶¶ 7-9.

Spencer filed his original complaint on September 26, 2005.  Civil Action No. 3:05-CV-2301-L (doc. 1).  Spencer brought claims against Lockheed, Young, TMI, and Loftis.  He also asserted a single claim under the FCA, but he alleged collusion between TMI and Lockheed with respect to the bid process for the contract at issue.  *Id*. ¶¶ 11-13.  He also alleged that Lockheed rewarded TMI with a minimum profit margin on the contract and that transactions under the contract generated higher profits for TMI.  *Id*. ¶ 21.  His complaint alleges that "TMI and Lockheed joined forces to fraudulently inflate the price of the cost plus award fee contract for products for which the United States Government has paid for products and services obtained through TMI."  *Id*. ¶ 22.

Spencer amended his complaint on October 6, 2005, and again on November 16, 2005, while his case remained under seal and before it was consolidated with this case. He added allegations that Loftis and Young "orchestrated a fraudulent and sham[] invoice auditing procedure," and that all Defendants were aware of the fraud. Amend. Compl. (doc. 6) ¶ 23. Spencer then filed a Second Amended Complaint, without leave of court, and added additional allegations that implicate Lockheed in TMI's alleged fraud.

The government filed a notice of related cases in both cases on November 21, 2005. The government stated that the complaints both identified TMI as a defendant, and that they relate to the "same facts and circumstances." Notice (doc. 24) 3. The government noted that Spencer's allegations "go[] a step further and allege[] that the reason for [TMI's] improperly inflated pricing was illicit collaboration between [TMI's] employee, Todd Loftis, and [Lockheed's] employee, Byron Young, a fact not alleged in [Becker's] case." *Id*. The government also stated that the facts "substantially involve the same issues of law." *Id*. Spencer's case was transferred to this court, and on December 9, 2005, the court consolidated the actions.

Becker amended his complaint on July 5, 2006. He added claims against Loftis, Johnson, Linda Loehr, Lockheed, Young, Stroh, Greentree Capital, and Chartener. In this complaint, he alleged a claim pursuant to section 3729(a)(3) against all Defendants except for TMI; a claim against TMI, Greentree, and Chartener for violation of section 3729(a)(1) and (a)(2); and a claim against Lockheed for violation of section 3729(a)(1) and (a)(2).

On May 24, 2007, the Relators filed their first joint complaint, which alleged the same claims as in Becker's first amended complaint and against the same Defendants. After the government intervened, Relators filed an amended complaint, the Relators' Complaint. This complaint added

a fourth claim, brought by Spencer only, against TMI, Loftis, Young, and Lockheed in violation of section 3729(a)(1-3), alleging bid collusion.

### 3.    Analysis

The court has reviewed the parties' arguments, the Relators' complaints, and the relevant case law, and it determines that there is a material difference between Becker's original allegations, which cast Lockheed as a victim, and Spencer's allegations, which included Lockheed and certain of its employees as actors in the fraud. In reviewing the complaints, it is clear that Spencer first alleged that the Lockheed Defendants were liable for the fraud upon the government. As in *Allstate*, the court determines that although Becker's complaint included allegations against TMI, there was nothing is his complaint, which cast Lockheed as a victim, that would alert the government that the Lockheed Defendants were, in fact, active participants in the fraud. Accordingly, the court determines that Becker's claims against the Lockheed Defendants should be dismissed because there are material differences in the Relators' allegations with respect to these Defendants.

The court also rejects the Relators' attempt to cast this inquiry required of the court as one that involves examining the complaints claim by claim. Becker and Spencer's claims against TMI are largely identical; the difference lies in Spencer's additional allegations that the Lockheed Defendants were in active concert with TMI in defrauding the government. This result, which applies section 3730(b)(5) and not the doctrines of judicial or collateral estoppel, is not inconsistent with the court's ruling with respect to the government's claims. Here, Becker did not allege any claims against Lockheed until months after he was made aware of Spencer's claims. Barring Becker's claims against the Lockheed Defendants is consistent with both the underlying policy behind the FCA's first-to-file rule and the result in *Allstate*.

Accordingly, the court finds that there are material differences between Relators' claims and that Becker's claims against the Lockheed Defendants are barred by Spencer's first-filed claims against them.  To the extent the rule might bar other claims against other Defendants, the court need not reach these issues as no other Defendants have moved on this ground.  The court therefore **grants** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Dismiss All Claims of Relator John Becker or Relator Robert Spencer Pursuant to the False Claim Act's First-to-File Rule (doc. 172) to the extent these Defendants seek to dismiss Becker's claims against them.  The Relators' first and third claims are brought jointly.  The court **dismisses with prejudice** the first claim against the Lockheed Defendants with respect to Becker's right to participate or recover on this claim.  The court has dismissed Relators' third claim as duplicative of the government's first and second claims, and Becker is hereby prohibited from participating or recovering on these claims against Lockheed.

## IV.    Other Defendants

Relators have also asserted claims against TMI Integrated, Loftis, JHW Greentree Capital, and Chartener.  On September 12, 2008, Relators voluntarily dismissed Defendants JHW Greentree Capital and Chartener.  Relators requested the court to issue an entry of default as to Defendant Loftis, which the clerk issued on December 3, 2008; however, they have not moved for default judgment against Loftis.  Relators allege that TMI Integrated merged with TMI on March 30, 2004.  Relators Compl. ¶ 5.  They state that TMI filed for bankruptcy on or about September 9, 2005, in the Northern District of Texas.  *Id*.

Relators bring their first and fourth claims against TMI and acknowledge that "TMI may currently be excepted from [the first] claim because of the automatic bankruptcy stay arising from

the filing by TMI of a Chapter 7 bankruptcy petition in the Northern District of Texas in case number 05-49445-RFN-7." *Id.* ¶ 15.  Relators also state that "the United States has obtained an order from the bankruptcy court in the bankruptcy action permitting it to proceed in certain respects against TMI in this action." *Id.*  To the extent that TMI has filed bankruptcy and Relators have not obtained permission to proceed against TMI from the bankruptcy court, the court **stays** Relators' claims against TMI.

With respect to Defendant Loftis, the court orders Relators to move for default judgment no later than **April 30, 2009**.  Failure to comply with this order will lead the court to dismiss Relators' claims against Loftis without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## V.   Conclusion

For the reasons set forth herein, the court **grants in part** and **denies in part** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 119); **denies** Defendant Lockheed Martin Corporation's Motion to Dismiss Relators from the Government's Action (doc. 121); **grants** Defendant Linda Loehr's Motion to Dismiss Relators' Second Amended Joint Complaint (doc. 134); **grants** Motion of Defendant William C. Johnson to Dismiss the *Qui Tam* Plaintiffs' Second Joint Amended Complaint (doc. 135); **grants** Motion of Defendants Lockheed Martin Corporation, Byron Young, and Harriet Stroh to Dismiss All Claims of Relator John Becker or Relator Robert Spencer Pursuant to the False Claim Act's First-to-File Rule (doc. 172) to the extent these Defendants seek to dismiss Becker's claims against them; **denies as moot** Motion and Brief in Support of Defendant Linda Loehr's Motion to Dismiss Relators' Second Amended Joint Complaint Pursuant to the False

Claims Act's Public Disclosure Rule (doc. 181); **denies as moot** Defendant William C. Johnson's Additional Motion to Dismiss *Qui Tam* Plaintiffs' Second Joint Amended Complaint with Prejudice (doc. 196); and **denies as moot** *Qui Tam* Plaintiff Robert B. Spencer's Motion to Strike and Alternatively, Response in Opposition to Defendant Linda Loehr's (Second, Mischaracterized) Motion to Dismiss Pursuant to the Public Disclosure Rule (doc. 206).

The court **dismisses with prejudice** Relators' third claim; **dismisses with prejudice** Relators' first claim against Defendants Linda Loehr and Johnson; **dismisses with prejudice** the first claim against the Lockheed Defendants with respect to Becker's right to participate or recover on this claim; and **prohibits** Becker from participating or recovering on the government's first and second claims against Lockheed.  With respect to Relators' Complaint, the following claims remain: Becker's first claim for violation of 31 U.S.C. § 3729(a)(3) against TMI and Loftis; Spencer's first claim for violation of 31 U.S.C. § 3729(a)(3) against Lockheed, Young, and Stroh; Becker and Spencer's second claim for violation of 31 U.S.C. §§ 3729(a)(1) & (a)(2) against Loftis and TMI; and Spencer's fourth claim for violation of 31 U.S.C. § 3729(a)(1)-(3) against TMI, Loftis, Young, and Lockheed.

*The court has already expressed its frustration with the piecemeal litigation of this action. While the court recognizes that Defendants discovered potential additional grounds to dismiss after the court unsealed parts of the Relators' suits, its order prohibiting the filing of additional motions to dismiss without leave of court remains in effect.  Further, although this case is complicated, the court is unlikely to be as generous in the future with respect to the parties' requests for extensions of their briefing deadlines and to enlarge their page limitations.  The time has come for this case*

*to move forward, and, by separate order, the parties will be instructed to confer so that a scheduling*

*order may be issued.*

**It is so ordered** this 31st day of March, 2009.

Sam A. Lindsay
United States District Judge