IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel.,** | § | |
| **JOHN BECKER**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-0627-L** |
| | § | (consolidated with Civil Action No. |
| **TOOLS & METALS, INC.,** | § | 3:05-CV-2301-L) |
| **TODD LOFTIS,** | § | |
| **LOCKHEED MARTIN CORPORATION,** | § | |
| **and BYRON YOUNG, et al.,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b), filed April 22, 2009. After carefully considering the motion, briefs, record, and applicable law, the court **denies** Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b).

**I.   Procedural and Factual History**

This *qui tam* action was originally filed by relator John Becker ("Becker") on March 30, 2005. Becker alleged violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a)(1) and (2), by Defendant Tools and Metals, Inc. a/k/a TMI Integrated Services ("TMI") based upon TMI's conduct as a government subcontractor with respect to its tool sales to Lockheed-Martin Company ("Lockheed") in Fort Worth, Texas, and Marietta, Georgia. On September 26, 2005, relator Robert B. Spencer ("Spencer") filed a separate *qui tam* complaint against Lockheed, Byron Young ("Young"), TMI, and Todd Loftis ("Loftis"). Civil Action No. 3:05-CV-2301-L. Spencer also

**Memorandum Opinion and Order – Page 1**

alleged violation of the FCA. On December 9, 2005, the court consolidated the actions brought by Becker and Spencer.

The government sought, and was granted, several extensions of its deadline to intervene in the *qui tam* actions. During this time, Becker and Spencer (collectively, "Relators") filed their *Qui Tam* Plaintiffs' Joint Amended Complaint on May 24, 2007, adding additional claims and Defendants. On October 30, 2007, the government elected to intervene. The government filed its Complaint of the United States of America ("Government Complaint"), alleging claims against TMI, Loftis, Lockheed, and Linda Loehr ("Linda Loehr"). The government asserted claims of violations of the FCA, breach of contract, unauthorized payment to Lockheed, violations of the Truth-in-Negotiations Act, 10 U.S.C. § 2306(f), unjust enrichment, and negligence. The government declined to intervene on Spencer's bid collusion allegations, Becker's conspiracy allegations under section 3729(a)(3), and Becker's claims predating the Master Agreement. The government also declined to intervene on any claims against William C. Johnson ("Johnson"), TMI Integrated Holdings Corporation ("TMI Integrated"), Greentree Capital LP ("Greentree"), Robert Chartener ("Chartener"), Harriet Stroh ("Stroh"), or Young.

On March 28, 2008, Relators filed their live pleading, *Qui Tam* Plaintiffs' Second Joint Amended Complaint ("Relators' Complaint"). In this complaint, Becker and Spencer allege claims against TMI, TMI Integrated, Loftis, Johnson, Linda Loehr, Lockheed, Young, Stroh, Greentree, and Chartener. All of their claims are for various violations of the FCA.

Defendants and Relators filed various motions to dismiss, which the court ruled on in two orders in March 2009. On March 5, 2009, the court dismissed with prejudice the government's unjust enrichment and negligence claims against Defendant Linda Loehr. In a second memorandum

**Memorandum Opinion and Order – Page 2**

opinion and order on March 31, 2009, the court dismissed the Relators' third claim, dismissed their first claim against Linda Loehr and Johnson, dismissed their first claim against the Lockheed Defendants with respect to Becker's right to participate or recover on the claim, and prohibited Becker from participating or recovering on the government's first and second claims against Lockheed.

## II.     Legal Standard

The court may certify an order for appeal under certain circumstances:

> When a district judge, in making in a civil action an order otherwise not appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Section 1292(b) appeals should only be permitted in the limited circumstances set forth in the statute; such appeals "are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz and Assoc.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Limited use of such appeals helps prevent "the delay and extra effort of piecemeal appeals." *Id*.

## III.    Analysis

Relator Becker asks the court to certify its March 31, 2009 memorandum opinion and order for immediate appeal pursuant to 28 U.S.C. § 1292(b). Specifically, he contends that the court

> did not undertake a claim by claim analysis of whether the claims which it deemed to be the "first filed" were themselves

> jurisdictionally defective under the False Claims Act's "public disclosure" provision, 31 U.S.C. § 3730(e)(4), and similarly rejected a claim by claim "first to file" analysis, including whether the claims in question would lead to separate and distinct recoveries for the Government.

Mot. 1-2. Defendants Lockheed, Young, and Stroh oppose Becker's motion; no other party filed any response to the motion.

Becker argues that the court's ruling granting Defendants' motion to dismiss based upon the first-to-file rule satisfies the requirements of 28 U.S.C. § 1292(b) and therefore certification of an interlocutory appeal is appropriate. He contends that this presents a "controlling question of law" for several reasons. First, Becker argues that the question of whether jurisdictional challenges must be addressed before addressing a first-to-file challenge is a question of law, not fact. Second, he contends that resolution of this question would have a precedential effect upon other pending *qui tam* actions. Finally, he contends that resolution of this issue will materially advance the ultimate termination of this litigation because it would prevent the litigation of claims that may be jurisdictionally defective.

Becker also argues that there is a substantial difference of opinion regarding the correct application of the first-to-file provision. He contends that the court's reliance on *United States ex rel. Branch Consultants v. Allstate Insurance Co.*, 560 F.3d 371 (5th Cir. 2009), is misplaced, because the Fifth Circuit explicitly noted that it was not addressing a situation like that before the court. He cites a case from the Sixth Circuit that held that jurisdictional challenges must be considered before a consideration of the "first to file" rule. *See United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503 (6th Cir. 2009) (citing cases from the Sixth and Ninth Circuits). Relator Becker also argues that there is a substantial difference of opinion regarding the court's

application of the "first to file" provision; he contends that the court should have considered each claim individually, rather than comparing the complaints of the two Relators side by side.

Accordingly, Becker proposes certification of the following question to the appellate court:

> Whether a district court must first consider, on a claim by claim basis, jurisdictional challenges to the *qui tam* claims in issue *before* making a claim by claim determination pursuant to the False Claims Act's "first to file" provision, 31 U.S.C. § 3730(b)(5), in accordance with the authority of . . . *Allstate*.

Proposed Order 2 (citation omitted).

Defendants Lockheed Martin, Young, and Stroh (hereinafter, the "Lockheed Defendants") oppose the motion and argue that certification is improper. They contend that the court's application of the first-to-file rule does not involve a controlling question of law, that there is no ground for a substantial difference of opinion, and that an immediate appeal would not materially advance the litigation.

The court determines that an interlocutory appeal is not appropriate because Becker seeks a ruling on a moot issue. His complaint is that the court failed to rule on Linda Loehr's motion to dismiss based upon the public disclosure rule before ruling on the Lockheed Defendants' motion to dismiss pursuant to the first-to-file rule. As the Lockheed Defendants point out, deciding Linda Loehr's motion would have been irrelevant to the court's ruling on their motion to dismiss. While the court did not rule on Linda Loehr's public disclosure motion, it dismissed the Relators' claims against her with prejudice. Even if the court erred in the order of decision with respect to the claims against Linda Loehr, there is no danger of litigating jurisdictionally-barred claims because they were ultimately dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on the Lockheed Defendants' motion to dismiss, there was no similar public disclosure challenge

to the claims against those specific Defendants. The court does not find that this result is contrary to *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), in which the Supreme Court held that the court must consider whether a relator was an original source. In *Rockwell*, the specific question of whether particular claims were barred by the public disclosure rule was before the court; in this case, the only argument raised was with respect to whether certain claims against Linda Loehr had been publicly disclosed. The court does not read *Rockwell* to require it to scour the record, without motion or argument from other Defendants, to determine if claims against those other Defendants are jurisdictionally prohibited. Any ruling on Linda Loehr's public disclosure motion would have been limited to Relators' claims against her. Accordingly, there is no controlling question of law because Becker seeks to certify a moot issue for interlocutory appeal.

Becker also argues that, when considering a first-to-file challenge, there is a substantial question whether the court must conduct a claim-by-claim analysis. He argues that there is a "clear split" of authority between this circuit's result in *Allstate* and the result in a case in the Tenth Circuit, *In re Natural Gas Royalties Qui Tam Litigation (CO2 Appeals)*, 566 F.3d 956 (10th Cir. 2009). He contends that the Tenth Circuit rejected the test articulated in *Allstate* and therefore there is a "clear split of authority."

The court disagrees and maintains that the result it reached is consistent with *Allstate*, which is binding on this court. The Tenth Circuit did not "explicitly reject[]" *Allstate*; it distinguished the result from the case before it and held that it need not address the situation in *Allstate*. 566 F.3d at 962. To the extent Becker disagrees with the court's application of *Allstate*, this is not a proper basis for an interlocutory appeal. Accordingly, the court determines that this issue does not meet the statutory requirements of 28 U.S.C. § 1292(b).

## IV. Conclusion

For the reasons stated herein, the court **denies** Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. § 1292(b).

**It is so ordered** this 27th day of July, 2009.

                                        Sam A. Lindsay
                                        United States District Judge