IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., **JOHN BECKER**, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:05-CV-627-L** (consolidated with Civil Action No. 3:05-2301-L) |
| **TOOLS & METALS, INC., TODD LOFTIS, LOCKHEED MARTIN CORPORATION, and BYRON YOUNG, et al.**, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Objection to the November 19, 2010 Discovery Order Entered by Magistrate Judge, filed December 6, 2010. After considering Magistrate Judge Toliver's November 19, 2010 order, the objections, response, reply, briefs, record, and applicable law, the court **overrules** the United States' Objection to the November 19, 2010 Discovery Order Entered by Magistrate Judge.

**I.      Background**

On August 18, 2010, the court referred a motion to compel, filed by Defendant Lockheed Martin Corporation ("Lockheed Martin"), to United States Magistrate Judge Renee Harris Toliver for hearing and determination. Lockheed Martin sought discovery from the government concerning facts the government obtained from witnesses and investigators with respect to its criminal investigation against Defendant Todd Loftis ("Loftis"). Magistrate Judge Toliver granted the motion in part and denied it in part. She granted the motion to compel to the extent that such discovery did

**Memorandum Opinion and Order – Page 1**

not call for an admission or denial from the government regarding the existence of grand jury testimony. She denied the motion to the extent that the discovery did call for such admission or denial. The government objected to that portion of the magistrate judge's order granting the motion to compel.

This case is related to a criminal matter brought by the government against Loftis, the chief executive officer of Defendant Tools & Metals, Inc. ("TMI"). Loftis pled guilty in December 2005 to conspiracy to defraud the United States based on his role in submitting inflated TMI subcontractor invoices to general contractor Lockheed Martin, which in turn submitted the invoices to the government for payment. *United States v. Loftis*, No. 4:05-cr-00185-Y at dkt. # 15. The government intervened in this civil suit as a plaintiff in October 2007 and alleged claims against TMI, Lockheed Martin, and other individual defendants for violations of the False Claims Act, breach of contract, and the like. With respect to the government's claims against Lockheed Martin, the government contends that Lockheed Martin received credible allegations of TMI's fraud in 2000 and, despite that, continued to submit TMI's inflated costs to the United States with "actual knowledge," "deliberate ignorance," or "reckless disregard for the truth or falsity" of those claims for payment. Gov't's Obj. at 7.

Lockheed Martin contends that discovery concerning the government's criminal investigation of Loftis will tend to show its absence of scienter because it took the government several years to conclude its investigation of Loftis and TMI. Lockheed Martin states that it had substantially fewer investigatory tools and resources than the government did and could not have reasonably uncovered TMI's fraud any sooner. Further, Lockheed Martin contends that such discovery will show that the government accepted the cost certifications without dispute during the

time frame of the investigation, which would tend to show that Lockheed Martin was not reckless in submitting the inflated invoices.

The government objected to the magistrate judge's order to compel this discovery on grounds that such discovery was irrelevant and privileged. With respect to privilege, the government argues that the discovery is subject to the investigatory law enforcement privilege and the work product privilege. The magistrate judge rejected these arguments when she granted Lockheed Martin's motion to compel. The court now reviews the findings of the magistrate judge.

## II. Standard of Review

A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). A district court may modify or set aside these rulings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The "clearly erroneous" standard applies to the magistrate judge's factual determinations. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). A magistrate judge's determination is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001) (internal citation omitted). The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Smith*, 154 F.R.D. at 665. The district court reviews a magistrate judge's legal conclusions *de novo*. *Id.*

## III. Analysis

First, with respect to relevance, the court notes that the threshold for relevance in discovery matters is extremely low. So long as discovery is "reasonably calculated to lead to the discovery of admissible evidence," it is relevant. Fed. R. Civ. P. 26(b)(1). The government urges that the discovery is irrelevant to the issue of scienter because the only facts that could establish scienter (or

**Memorandum Opinion and Order – Page 3**

its absence) are those that were known to Lockheed Martin during the time of the government's investigation. The government contends that events outside of Lockheed Martin's knowledge cannot be relevant to its scienter. The court disagrees, as the government's understanding of "relevance" in the context of discovery is too narrow.

Establishing a requisite state of mind in any case, such as the scienter at issue here, necessarily involves an analysis and consideration of at least some circumstantial evidence. The government seems to adopt the position that only "direct" evidence of Lockheed Martin's state of mind is relevant. This is simply incorrect; circumstantial evidence has a place in establishing an actor's scienter. *See, e.g.*, *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 644-45 (5th Cir. 2005) (stating that circumstantial evidence may be used to demonstrate scienter). If discovery pertaining to the government's criminal investigation of Loftis can reveal facts about Lockheed Martin's dealings with TMI that were unknown to Lockheed Martin at the time and could not reasonably have been known to Lockheed Martin, the court is at a loss to see why those facts would not constitute relevant circumstantial evidence as to Lockheed Martin's absence of scienter. The court accordingly rejects the government's argument that the discovery Lockheed Martin wishes to compel is irrelevant.

Second, with respect to privilege, the magistrate judge concluded that the investigatory law enforcement privilege that may have once shielded the government's criminal investigation from discovery no longer applies because a reasonable period of time (nearly five years) has elapsed since the close of that investigation. The government objects because it contends that the magistrate judge did not apply the ten *Frankenhauser* factors in making her determination that the privilege did not apply. The court is unpersuaded by the government's argument.

The Fifth Circuit Court of Appeals has made clear that "the law enforcement privilege is bounded by relevance and time constraints." *In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565, 571

**Memorandum Opinion and Order – Page 4**

(5th Cir. 2006). The Fifth Circuit further identified specific examples of categories of information that are probably not protected by the privilege, including documents pertaining to:

> (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) people who may have violated only civil provisions.

*Id.* In this case, it is clear that the information Lockheed Martin seeks in discovery pertains to the criminal investigation of Loftis, who, in light of his December 2005 conviction, is no longer under investigation. Moreover, despite the government's attempt to eliminate a distinction between civil cases and criminal cases with respect to the application of the investigatory law enforcement privilege, the court declines to adopt the government's sweeping view. The Fifth Circuit has made no statement that suggests that this privilege was intended to protect government files for any purpose other than insofar as they relate to an *ongoing* and *criminal* investigation. *See id.* at 570. Here, the criminal investigation is undisputedly closed, and the government's causes of action against Lockheed Martin in this case constitute a civil matter. If the court adopted the government's approach, any bounds of "relevance and time constraints" on the privilege would be vitiated. *See id.* at 571. The magistrate judge did not err when she determined that the privilege did not apply to the discovery sought in this case. As Loftis's criminal investigation has concluded, the government no longer has any remaining interests arising from that investigation that the privilege was meant to protect. The only remaining government interest that the court can perceive in withholding such information is to stymie the efforts of Lockheed Martin to uncover circumstantial evidence to aid its defense in this case. Application of the *Frankenhauser* factors is therefore unnecessary because the discovery at issue here does not concern an ongoing criminal investigation and it is intended for use in a civil, rather than a criminal, case. No balancing is required; the privilege does not attach.

Third, with respect to the work product privilege, the magistrate judge concluded that the government had "wholly failed to meet its burden to establish that the requested discovery qualifies for work product protection." Mag. J.'s Order at 6. The government argues that its criminal investigation is work product because it constitutes notes and memoranda that contain attorneys' mental impressions. Lockheed Martin has made clear, however, that it only seeks the facts obtained from the government's investigation, not the mental impressions of its attorneys, and the magistrate judge specifically limited her order to such. Although the government appears to argue that these facts are inseparable from the mental impressions, the court is unpersuaded.

The court agrees with the magistrate judge in that the government has not shown that the materials sought are tangible things. Indeed, Lockheed Martin primarily wants the government to provide specific answers to its interrogatories. Further, to the extent that the government does not wish to make available its notes and memoranda that contain its attorneys' legal impressions, Lockheed Martin has made no such request. As stated, Lockheed Martin is only seeking the facts revealed by the government during the course of its criminal investigation of Loftis, and it wants those facts stated as answers to interrogatories, requests for admissions, and depositions of witnesses.

Finally, the government states that it has already made available (and continues to make available) everything that Lockheed Martin seeks and that the magistrate judge has ordered it to produce with respect to the identity of witnesses, investigators, and investigative tools used in the course of its criminal investigation of Loftis. *If this is true, the court is at a loss to understand why the government believes it appropriate to object to the magistrate judge's order while it*

*simultaneously represents to the court that it is in compliance with the magistrate judge's order.*[*]

The court accordingly **overrules** the government's objections and determines that the magistrate judge did not err in her findings that the sought discovery is relevant and not subject to the investigatory law enforcement privilege or the work product privilege.

## IV.     Conclusion

For the reasons stated herein, the court **overrules** the United States' Objection to the November 19, 2010 Discovery Order Entered by Magistrate Judge. The court **orders** the government to comply with the ruling of Magistrate Judge Toliver by **April 11, 2011**.

**It is so ordered** this 11th day of March, 2011.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*]The court seriously questions the government's appeal of the magistrate judge's order. The court believes that the appeal is without merit and has unnecessarily consumed scarce judicial resources. If these types of appeals recur, the court will deal with them more sternly.

**Memorandum Opinion and Order – Page 7**