IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, | § | |
| JOHN BECKER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-0627-L** |
| | § | (Consolidated with 3:05-CV-2301-L) |
| TOOLS & METALS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Joint Motion of the United States of America and Qui Tam Plaintiffs for Final Judgment Against Todd Loftis (Doc. 388), filed August 8, 2012. After reviewing the motion, record, and supporting evidence, the court **grants** the Joint Motion of the United States of America and Qui Tam Plaintiffs for Final Judgment Against Todd Loftis.

**I.     Background**

*Qui tam* Plaintiff John Becker originally brought this action against his former employer Tools & Metals, Inc. ("TMI") on March 30, 2005, for alleged violations of the False Claims Act, 31 U.S.C. § 3729, *et seq*. A similar later filed action by Robert B. Spencer against Lockheed Martin Corporation ("Lockheed"), Byron Young, TMI, and Todd Loftis ("Loftis") was consolidated with the current action on December 9, 2005. On October 30, 2007, the United States of America ("United States") elected to intervene in the action with regard to Loftis and certain other Defendants.

TMI is a distributor of cutting tools to the aerospace industry and sells cutting tools and tooking kits to aerospace contractors of the United States, including Lockheed. Plaintiffs' claims in this action focus on TMI's conduct as a government subcontractor with respect to its sale of tools to Lockheed at Lockheed's facilities in Fort Worth, Texas and Marietta, Georgia. According to Qui Tam Plaintiffs' Second Joint Amended Complaint ("Complaint") (Doc. 101), filed on March 28, 2009, Loftis is:

> an inmate at the Beaumont Low Federal Correctional Institution in Beaumont, Texas, Register Number 33966-177. On or about December 7, 2005, Loftis pled guilty to conspiracy to defraud the United States by obtaining the payment of false, fictitious or fraudulent claims in violation of 18 U.S.C. § 286. Loftis was thereafter sentenced in the United States District Court for the Northern District of Texas to a prison term of seven and one half (7.5) years. Loftis is the former president and CEO of TMI, as well as the conspiracy leader. He was fired from TMI in or about December 2004.

Compl. ¶ 6. The United States' claims against Loftis are based on damages that it sustained as a result of fraudulently inflated charges that were submitted by Loftis to Lockheed under a December 4, 1997 Master Agreement ("Master Agreement") and passed on, in part, to the United States.

On April 40, 2009, the United States, Becker, and Spencer jointly moved for a default judgment against Loftis as to liability only. The court granted the motion on July 27, 2009, and entered a default judgment against Loftis, concluding that Loftis is liable to the United States, in an amount to be determined at a later date for unjust enrichment at the expense of the United States and:

> knowingly causing false claims to be submitted to the United States of America in violation of 31 U.S.C. § 3729(a)(1) (the Thirteenth Claim in the Complaint of the United States of America (doc. #61) and the Second and Fourth Claims in the Relators' Second Joint Amended Complaint (doc. #101)), knowingly making, using, or causing to be made or used false records or statements to get false claims paid or approved by the United States of America in violation of 31 U.S.C. § 3729(a)(2) (the Fourteenth Claim in the Complaint of the United States of America and the Second and Fourth Claims in the Relators' Second Joint Amended Complaint (doc. #101)), and knowingly making, using, or causing to be made or used, a false record or

**Memorandum Opinion and Order - Page 2**

      statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States (the Fifteenth Claim in the Complaint of the United States of America);

      conspiring to defraud the United States by getting false or fraudulent claims allowed or paid in violation of 31 U.S.C. § 3729(a)(3) (the First and Fourth Claims in the Relators' Second Joint Amended Complaint (doc. #101));

(Doc. 257, 258). Loftis never entered an appearance in this action and, according to the United States, he has not attempted to contact counsel in this matter. In the Joint Motion of the United States of America and Qui Tam Plaintiffs for Final Judgment Against Todd Loftis, filed on August 8, 2012, the United States seeks a final judgment against Loftis in the amount of $40,472,759.

## II.    Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The United States asks the court for an award of $40,472,759. According to the Affidavit of Leighton Eaves ("Eaves"), who is an auditor for the United States Attorney's Office and a certified public accountant, this amount consists of $18,774,253 in actual damages sustained by the United States as a result of Loftis's conduct under the Master Agreement in violation of the FCA. It also consists of treble damages under the FCA, calculated by multiplying the United States' actual damages by three, resulting in a total damage amount of $56,322,759. This total debt was then reduced by a credit of $15,850,000 that Lockheed paid to resolve the FCA claims against it, resulting in the total damage award sought by the United States for $40,472,759. The amount of inflated charges and the actual damages sustained by the United States under the Master Agreement was calculated based on sales and cost of sales data and other information provided by TMI for the period of January 1998 through August 2005. Eaves's Affid. ¶¶ 1-7 and Schedule 1.

**Memorandum Opinion and Order - Page 3**

The FCA prohibits the knowing submission of false or fraudulent claims for payment, or causing the submission of such claims, to the federal government, and prescribes fines and treble damages to penalize offenders. 31 U.S.C. § 3729(a). Persons who commit prohibited acts under section 3729 of the FCA are " liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." *Id.* The amount of statutory damages requested by the United States falls within the amount allowed by statute, and the court determines that the amount of $40,472,759 in statutory damages is reasonable and supported by evidence and the record. Accordingly, the United States is entitled to a total amount of **$40,472,759** in damages.[*]

## III. Conclusion

For the reasons herein stated, the court **grants** the Joint Motion of the United States of America and Qui Tam Plaintiffs for Final Judgment Against Todd Loftis Plaintiff's Motion for Final Default Judgment. Accordingly, the court hereby orders that final default judgment be entered for the United States in the amount of **$40,472,759**, plus postjudgment interest thereon at the applicable federal rate of **.17% per annum**. The United States requested no prejudgment interest, and the court awards none.

---

[*] As acknowledged by the United States, the amount of $40,472,759 is subject to and will be offset in the future by any amounts recovered by the United States from the TMI bankruptcy, for damages sustained by the United States as a result of Loftis's conduct for which the court found him liable to the United States for violations of the FCA. *See* Doc. 258.

**Memorandum Opinion and Order - Page 4**

**It is so ordered** this 13th day of August, 2012.

                                                        _/s/ Sam A. Lindsay_
                                                        Sam A. Lindsay
                                                        United States District Judge